UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  4:23-CR-00153-JMD-SPM |
| | ) |
| BRYANT PIRTLE, et al., | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S NOTICE OF INTENT TO SEEK THE DEATH PENALTY**

The United States of America previously informed the Court that it would not seek the death penalty. *See* Dkt. 66. Following a review of that decision, the United States of America, by and through its Attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Nino Przulj and Jennifer Szczucinski, Assistant United States Attorneys for the District, notify the Court and Defendants Bryant Pirtle and Christopher Hall that it now believes a sentence of death is justified, and <u>will seek</u> a sentence of death, for Count Two (possession of a firearm in furtherance of a drug trafficking crime resulting in death) of the Second Superseding Indictment. Dkt. 144.

The United States will prove the following factors that justify a sentence of death:

A. Defendant Pirtle was 18 years of age or older at the time of the offense.

B. Defendant Hall was 18 years of age or older at the time of the offense.

C. <u>Statutory threshold factors per 18 U.S.C. § 3591(a)(2)(A)-(D)</u>:

  1. **Intentional killing**. Defendants Pirtle and Hall intentionally killed D.W. *See* 18 U.S.C. § 3591(a)(2)(A).

2. **Intentional infliction of serious bodily injury**. Defendants Pirtle and Hall intentionally inflicted serious bodily injury that resulted in the death of D.W. *See* 18 U.S.C. § 3591(a)(2)(B).

3. **Intentional participation in an act resulting in death.** Defendants Pirtle and Hall intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and D.W. died as a direct result of the act. *See* 18 U.S.C. § 3591(a)(2)(C).

4. **Intentional engagement in an act of violence, knowing that the act created a grave risk of death to a person.** Defendants Pirtle and Hall intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that the participation in the act constituted a reckless disregard for human life, and D.W. died as a direct result of the act. *See* 18 U.S.C. § 3591(a)(2)(D).

D. <u>Statutory aggravating factors per 18 U.S.C. § 3592(c)</u>:

1. **Grave risk of death to others**. Defendants Pirtle and Hall, in the commission of the offense, knowingly created a grave risk of death to one or more persons, namely an Uber driver and the victim's girlfriend, in addition to the victim of the offense. *See* 18 U.S.C. § 3592(c)(5).

2. **Heinous, cruel, or depraved manner**. Defendants Pirtle and Hall, in the commission of the offense, knowingly committed the offense in an especially heinous, cruel, or depraved manner in that they ran over D.W. after shooting him approximately 20 times. 18 U.S.C. § 3592(c)(6).

2

E. <u>Non-statutory aggravating factors identified under 18 U.S.C. § 3593(a)(2)</u>:

1. **Victim impact**. Defendants Pirtle and Hall caused injury, harm, and loss to D.W. and to D.W.'s family and friends as evidenced by the victim's personal characteristics and by the impact of the victim's death upon his or her family, friends, and associates.

Respectfully submitted,

THOMAS C. ALBUS
UNITED STATES ATTORNEY

 /s/   Nino Przulj
Jen Szczucinski, #56906MO
Nino Przulj, #68334MO
Assistant United States Attorneys
111 S. 10th Street, 20th Floor
St. Louis, MO 63102
(314) 539-2200